R. R. ROSBOROUGH *vs.* J. M. RUTLAND AND OTHERS.

J. M. RUTLAND *vs.* R. R. ROSBOROUGH AND OTHERS.

Lands specifically devised will not be charged with the payment of a pecuniary legacy where no motive existed which could have influenced the mind of the testator to create the charge, and there is nothing in the will which can be laid hold of for that purpose.

Testator, who died in November, 1860, bequeathed $2,000 to R, in trust for certain slaves. He devised land and slaves to A, specifically; made him his residuary devisee and legatee; appointed him his executor; authorized him to pay the $2,000 to R, in cash, or to give his bond or note for that sum, with interest, payable annually, and declared that, if A should attempt to defeat or make void his will, or any part thereof, every devise and legacy to him should be void, and go to others. In December, 1860, A gave his sealed note to R, for the $2,000. and an action of law having been commenced upon it, he filed a bill in Equity to enjoin the action, on the ground that the legacy being void under the Act of 1841, prohibiting legacies for the benefit of slaves, the sealed note was without consideration and void, as against public policy:

*Held* that A had no equity to be relieved against the consequences of his own voluntary act in giving the note, and that he must be left to defend himself at law as best he could.

*Held* that, as between A and R, the note must be regarded as payment, or satisfaction, of the legacy.

Neither creditors of the estate, nor of the executor, in his individual right, can, merely as such, acquire a *locus standi* in Court, entitling them to have a legacy declared void.

BEFORE BOOZER, J., AT FAIRFIELD, JULY, 1869.

A statement of the case and of the points made in the grounds of appeal is contained in the opinion of the Court.

*Carroll & Melton,* for appellants:

1. The testator's intention to charge the legacy to Rutland, upon the land specifically devised, is neither expressly declared, nor is it fairly and satisfactorily to be inferred from the language and dispositions of the will.—*Lupton* vs. *Lupton,* 2 Johns. Ch., 623 ; *Laurens* vs. *Read,* 14 Rich. Eq., 270 ; 1 Story Eq., § 565 ; *Kightley* vs. *Kightley,* 2 Ves., 328, and note, page 332 ; *Pell* vs. *Ball,* Speer's Eq., 524 ; 1 Roper, Legacies, 682.

2. The proposition that the legacy of $2,000, to Rutland, is charged upon the land devised to R. R. Rosborough, conflicts with the express provisions of the will, and with the means and scheme devised by the testator for securing the payment of that legacy.

3. If such charge ever existed it was extinguished by the single bill dated 13th December, 1860, executed by Rosborough, and accepted by Rutland in payment of his legacy.—2 Williams' Ex'rs.,

1866; *Gardner* vs. *Hust*, 2 Rich., 608; American Notes to *Cumber* vs. *Wane*, 2 Smith Lead. Cas., 460.

4. The legacy of $500 to Mrs. Thomas is expressly charged upon the "property" devised to R. R. Rosborough; and, if the supposed charge of Rutland's legacy upon the land devised still subsists, so, also, must the charge upon the same of the legacy to Mrs. Thomas.—*Pell* vs. *Ball*, Speer's Eq., 83.

5. If the devise to Rosborough was upon condition that he should pay the legacy to Rutland, then the condition, being illegal, was void, and the limitation over ineffectual, and the devise became single and absolute.—1 Roper's Legacies, 783, 786; Co. Litt., 206, 223; *Poor* vs. *Mial*, 6 Mad., 32.

6. The executor, Rosborough, is not estopped from denying the legality of the legacy to Rutland, that legacy being utterly and absolutely void, even as between the executor and the legatee.—*Mc-Leish*, vs. *Burch*, 3 Strob. Eq., 225; *Blakely* vs. *Tisdale*, 14 Rich. Eq., 90.

7. As to the loss of so much of the assets as consisted of negro slaves and debts due to the testator at his death, the executor is entitled to relief upon the grounds of mistake and accident.—1 Story's Eq. Jur., §§ 90, 93; 2 Story's Eq. Jur., §§ 878, 1251; *Edwards* vs. *Freeman*, 2 P. Wms., 447.

8. The mere order of General R. Ely, a subordinate official in the Freedman's Bureau, has not the force or effect of a judgment pronounced by a Court of competent jurisdiction, nor has it been affirmed or made valid by the Act of 22d September, 1868.

*Rion*, contra.

July 7, 1871. The opinion of the Court was delivered by

WILLARD, A. J. J. C. Rosborough died November 29, 1860, leaving a will by which, after providing for the payment of debts and funeral expenses, and appropriating specifically the proceeds of certain real estate, directed to be sold, to the payment of a debt due for the purchase thereof, he proceeds to dispose of his estate, real and personal, as follows, viz: to R. R. Rosborough the plantation on which testator resided at the time of his death, together with certain slaves by name, with directions as to a portion of such slaves; also certain other slaves by name in trust for the separate use of the wife of the legatee for life, with remainder over; to Jennet Kennedy certain slaves, on condition that she pay to

Jane F. Thomas $500; to Jane F. Thomas $500, to be paid by R. R. Rosborough out of the property given to him by such will; also to James M. Rutland a slave by name absolutely, and $2,000 to be held by him in trust for certain of the slaves included in the bequest to R. R. Rosborough, leaving it to the discretion of R. R. Rosborough either to pay to Rutland the sum of $2,000, in cash, or to give a bond or note for that sum, with interest, payable annually; to R. R. Rosborough the residue of his estate, upon certain conditions not involved in the present case. Testator then gives certain directions as to the kind treatment of the slaves intended as the objects of his bounty in the legacy of $2,000. Then follows this language: "And if my brother, after receiving this my bounty, shall attempt to depart from or defeat the objects of this my last will and testament, or make void or ineffectual any part of the same, then, and in that case, it is my will that every devise and bequest hereinbefore made to him shall be entirely null and void; and all the property, real and personal, which otherwise would have passed to him, under this my will, I direct to be divided among the rest of my next of kin, according to the statute of distributions of this State, excluding my said brother," (R. R. Rosborough.) R. R. Rosborough was appointed executor, and qualified and assumed the execution of the will.

The bill in the first case above named was filed by R. R. Rosborough against J. M. Rutland, J. F. Thomas and Jennet Kennedy. It alleges that the testator was possessed of a large estate, consisting of lands, slaves and personalty; that debts against the estate were outstanding to the amount of from $11,000 to $12,000, and about a like amount was due to the estate; that the debts have been paid by substituting the individual obligations of the complainant therefor.

It alleges that the estate has become seriously injured by the devastations caused by the war, the premises injured and the stock carried away, and that the slaves have been lost through emancipation. It asks that, if necessary, the land may be sold to pay debts. It alleges, among other things that will be noticed hereafter, that on the 13th of December, 1860, complainant gave to J. M. Rutland his single bill for $2,000, payable on or before the first day of January, 1862, with interest from January 1st, 1861. This single bill was executed in pursuance of the eighth clause of the will, to provide for the support of the slaves named as beneficiaries under the bequest of $2,000. It is further alleged that this note has been put in suit by the trustee, and prays that the suit may be enjoined.

There is a prayer for liberty to the complainant to account as executor. It is submitted to the Court whether the legacy to J. M. Rutland should abate, under the circumstances detailed in the bill, and, also, whether the legacy to Jane F. Thomas should abate, and a decree is asked that the legacy of Jane F. should abate before resort had to the land specifically devised to the complainant.

The defendant, Rutland, answered, affirming the validity of the legacy of $2,000, and claiming that the question of its validity had become conclusively adjudicated by some action taken under the authority conferred by Congress on the Freedman's Bureau. It does not appear by the brief whether the other defendants appeared and answered the bill, or whether it was taken as confessed against them.

The bill, in the second case, was filed by J. M. Rutland against R. R. Rosborough, James L. Rosborough, James T. Rosborough and Jane F. Thomas. It prays that the legacy of $2,000 may be charged upon the real estate devised to R. R. Rosborough, and that the defendants, James L., James T. and Jane F., be restrained from enforcing against said lands judgments obtained against R. R. Rosborough on individual obligations given by him.

All of the defendants to this last bill answered, R. R. Rosborough separately, and the other defendants jointly. J. T. and J. L. Rosborough and Jane F. deny that the legacy to Rutland is a charge on the devised lands; they submit that it is a pecuniary legacy merely, subject to their judgments, and that it is subject to abatement.

The decree of the Circuit Court establishes the following propositions of law and fact, which, so far as they are not called in question by the grounds of appeal, are to be regarded as finally settled, viz:

1st. That the complainant, R. R. Rosborough, cannot dispute the validity of the legacy to Rutland.

2d. That, as between all other persons except creditors, the legacy must be supported.

3d. That the assets received by the executor were, at the death of the testator, amply sufficient to pay debts and legacies.

4th. That the executor paid by his own obligations most of the debts, and the estate was discharged to that extent.

5th That the executor is not entitled to be subrogated to the rights of the creditors, whose debts he paid with his individual obligations, as it regards priority of payment out of the devised lands.

6th. That the legacy to Jane F. of $500, to be paid by Jennet Kennedy, has failed and cannot be enforced.

7th. That the legacy of Jane F., to be paid by the executor, cannot be disputed; first, for the reason that there was express direction it should be paid out of the property given to him; and, second, because the executor has assented to the legacy.

8th. That all the other specific legacies have been fully satisfied by the executor, and that this legacy is chargeable on the property devised to the executor.

9th. That there is yet remaining a small amount of debts unsatisfied, and not assumed by the executor, that must be paid before the legacy in question.

10th. That the land and other property devised to the executor is chargeable with the payment of the legacy of $2,000 to Rutland.

The decree appears to regard the legacy as established by the action of the Freedman's Bureau, but the decision is not put specifically on this ground.

It is accordingly decreed that Rutland, as trustee, recover from R. R. Rosborough $3,041.11, the balance due for principal and interest on the legacy, and that he have the process of the Court for the purpose of making the tract of land liable for the legacy by levy and sale; also that J. L. and J. T. Rosborough and Jane F. Thomas be perpetually enjoined from enforcing their judgments and executions against the said tract of land. A subsequent decretal order was made to prevent waste by R. R. Rosborough. The first seven grounds of appeal present, under different aspects, the question of the validity of the legacy to Rutland, and are, in substance, that the legacy in question was void, under the Act of 1841, (11 Stat., 154,) declaring null and void all devises and bequests made to or for the use of slaves; that that Act was based on grounds of public policy, and, therefore, the assent of the executor could not impart validity to the legacy; that emancipation cannot be allowed a retroactive effect; that Rutland was not competent to take, or, if competent, that he took for the next of kin; that the assent of the executor ought not to bind him or those likely to be affected by his act—and this proposition is placed upon the peculiar disaster that affected the estate after the assent was given, and also on the bearing of the Act of 1841 on the right of assent; that no proceeding was requisite to declare the legacy void, it being made void by the statute; and, finally, that if R. R. Rosborough cannot

attack the legacy in his character as executor, he certainly can in the character of legatee and creditor.

The eighth ground of appeal asserts the right of James L. and James T. Rosborough and Jane F. Thomas to object to the validity of the legacy in question as creditors, alleging that the notes taken by them of the executor are unpaid, and are no satisfaction until paid.

The tenth ground of appeal claims that the $2,000 legacy should abate before the devise of the land which is specific, there being a failure of assets to pay debts and legacies.

The eleventh ground disputes the authority of the Freedman's Bureau to affect the question.

The twelfth ground claims that the decree improperly ignored the fact that, if the executor forfeited his right, it went to the next of kin, under the terms of the will.

The foregoing were all the grounds of appeal that were presented on the first argument in this Court; but upon the re-argument two additional grounds were added under an arrangement of the respective counsel. The thirteenth ground, therefore, as the case now stands, is that the legacy of $2,000 was not charged, but, if so charged, the giving of the single bill was a satisfaction of that legacy.

The fourteenth ground is, that the land devised is charged with the legacy of $500 to Jane F. Thomas.

The thirteenth ground will be first considered, as it involves all that is necessary to be considered in order to dispose of the bill brought by Rutland against the other parties. That bill, as we have seen, seeks to charge the legacy of $2,000 on the land devised to R. R. Rosborough, and claims that the defendants, James T. and James L. Rosborough, and Jane F. Thomas, be perpetually enjoined from enforcing their judgments against R. R. Rosborough. It cannot be claimed that any other reason exists for enjoining these defendants than that involved in the prayer that the devised land be charged with the legacy in question. Therefore, unless such a charge can be established, the bill must be dismissed. The legacy of $2,000 is not in terms charged upon the land devised. To make out an intention to charge it by construction, the first step is to show the existence of a motive which can be presumed to have influenced the mind of the testator. To relieve the personalty or the residuary devises or bequests, or to establish a preference among pecuniary legatees, might be assumed

as a sufficient motive when such an intent appeared. But no such motive existed in the present case. R. R. Rosborough is both devisee of the land and residuary legatee of both realty and personalty. The legacy to J. F. Thomas is the only pecuniary legacy other than the legacy in question, and that is specifically provided for. It is not, therefore, possible to find a motive upon which a charge can be constructed. Nor is there anything in the will which can be laid hold of for such purpose. It is clear that the legacy in question was not intended to be a charge on the lands devised to R. R. Rosborough. The whole foundation of the bill brought by Rutland against R. R. Rosborough and others fails, and that bill must be dismissed.

The next question to be considered is, whether R. R. Rosborough is entitled to a perpetual injunction, to restrain the action at law commenced by Rutland to recover the amount of the single bill.

It does not appear whether the suit at law was commenced against R. R. Rosborough in his representative character or personally. As the single bill was his personal obligation, it must be assumed that the action is against him, personally. He is, therefore, alone interested in so much of the matter of his bill as seeks to enjoin the suit at law. The present question must, therefore, be disposed of on the state of the relations, legal and equitable, between Rutland, as trustee, holding the single bill, and R. R. Rosborough, the maker. If the single bill is void, as contravening the Act of 1841, or for want of consideration, that is a defence at law. Equity will not interfere, by way of staying proceedings at law, in order to enforce the prohibitions of a statute in the nature of a penal statute, and based on public policy alone, especially when in derogation of common right and natural equity. Such is the Act in question. Is there, then, any equity in the relations of the parties to the single bill requiring that Rutland should be enjoined from exercising any legal rights that he may have under the single bill? Had the legacy to Rutland been valid, R. R. Rosborough would have stood in the relation of a trustee for the use of the legatee.—*Boone* vs. *Durand*, 1 Dess., 588. His obligation, voluntarily given, was a recognition of this relation. But, in addition to this, he is placed in the position of a purchaser in possession of the subject-matter of the purchase, seeking to avoid an obligation for the purchase money. Under the will, the condition upon which he took as devisee and legatee was, among other things, the payment of this legacy. As-

suming that he was not bound to do so, still, he voluntarily gave the single bill, as he was authorized to do by the terms of the will. In the mind of the testator the legacy was consideration in its bearing on R. R. Rosborough's possible right as devisee and legatee. It was evidently upon this idea that he gave the single bill from which he seeks to be relieved. New rights and relations have sprung out of this voluntary transaction upon which the equities before the Court, as between R. R. Rosborough and Rutland, depend. Nor is it necessary to look into that portion of the will alleged to be invalid in order to fix the character of these rights. The executor's bill and his answer in the Rutland case present them in a condition to be administered in a Court of Equity. Conceding that a valid trust could not be created of the nature of that attempted by the legacy to Rutland, still the prohibition of the Act of 1841 only extends to devises and bequests. Had R. R. Rosborough conveyed the devised land in trust for the benefit of slaves, that Act would not have affected its validity, although a question would have arisen in that case as to who was, under the law existing at the time of such transaction, ultimately entitled to the beneficial interest raised by the trust.—*Blakely* vs. *Tisdale,* 14 Rich. Eq., 107.

So far as R. R. Rosborough is concerned, the effect is the same as if he had so conveyed, for instead of so doing he has taken the land to himself and substituted his obligation in the place of it. The question of the validity of the trust, as between the trustee and *cestui que trust,* is not before us now. Nor is that of the legal consequences from such trust, in view of the laws existing at its creation, or of the changes of legal relations and conditions that have since taken place. Apart from the reasons given by the Circuit Judge for his decision, we concur in the conclusion to which he arrived, that R. R. Rosborough cannot assert the invalidity of the legacy to the destruction of the rights created by his own act. R. R. Rosborough has no standing in a Court of Equity to ask that the suit at law upon the single bill be stayed.

Having disposed of Rutland's bill, and so much of R. R. Rosborough's bill as seeks to enjoin the suit at law, all that remains to be considered is so much of the matter of the latter bill as seeks an accounting of the executor and marshalling of assets.

The question next arises whether there are any parties before the Court, either in person or represented by the executor, who have a right to demand either that the legacy to Rutland shall be declared

25A

void or shall abate? J. L. and J. T. Rosborough and Jane F. Thomas, as creditors, whether of the estate or of R. R. Rosborough personally, have no such right. If creditors of the estate, they are entitled to subject the whole estate to the payment of the debts. The legacies are not in their way, and they are entitled to be regarded in no other light, in reference to this question, than as volunteers in a controversy in which they have no interest.

The Circuit decree has disposed of the legacy of $500 to be paid by J. Kennedy to J. F. Thomas, holding that it had failed, and no appeal is taken from that part of the decree. The only other pecuniary legacy is that of $500, payable by R. R. Rosborough out of the lands devised. This legacy is established by the decree, and is entitled to be paid before any fund coming into the hands of the executor can be applied to the payment of his individual debts. Except so far as the executor may have made himself responsible by the voluntary giving of the single bill, this Court is not at liberty, under the Act of 1841, to enforce the provisions of the will as to the legacy of $2,000 to Rutland. If there is a remedy at law— a matter that we are not here called upon to decide—it must be against R. R. Rosborough personally.

The claim made by the tenth ground of appeal, that the legacy of $2,000 should abate before the devise of the land, which is specific, there being a failure of assets to pay debts and legacies, is already disposed of by what has gone before.

As affecting R. R. Rosborough in reference to a right of abatement, the legacy of Rutland must be regarded as paid. He gave his personal obligation, as he was authorized to do by the terms of the will. Under the circumstances, he has no equity to ask to be relieved from the consequences of the course that he pursued in this respect, and to be let in at this time to the benefit of an abatement.

While, on the one hand, this Court cannot apply the assets of the estate to the payment of the legacy, it cannot, on the other hand, relieve the executor from any liabilities that may result, at law, from his action.

The matter of the eleventh, twelfth and fourteenth grounds of appeal is substantially disposed of by the conclusions heretofore expressed.

So much of the decree as adjudges the sum of $3,041.11, as due from R. R. Rosborough, as executor of the last will and testament of J. C. Rosborough, deceased, to J. M. Rutland, and as awards execution for the same, for the purpose of making the tract of land,

Columbia, November, 1870.

described in the pleadings liable for such amount by levy and sale, and so much as enjoins James L. Rosborough, James T. Rosborough and Jane F. Thomas from enforcing their judgments and executions against the said tract of land, must be set aside, and the cause remanded to the Circuit Court for the taking and stating of the executor's account, and the sale of the real estate under the order and decree of the Circuit Court, should the liabilities of the estate demand that the same be sold, and such decree and order as may be requisite to conform to the principles hereinbefore laid down.

*Wright,* A. J., concurred.

Moses, C. J.  I concur in the conclusions to which a majority of the Court has arrived.

As to so much of the bill of Rosborough as seeks to enjoin the action at law on his obligation, I cannot perceive anything which entitles him to the interference of a Court of Equity.  His defense resting, as he submits, on the invalidity of the condition annexed to the devises and bequests to him under the will, is one purely of a legal character, and there is nothing in the aspect of his bill which should permit that Court to interfere with the Court of Law in passing on the validity of the Act of 1841, and deciding upon its effect in the cause before it.  These are matters for the Court of Law.

Whether the instrument is void for want of consideration, or whether Rosborough has done any act which avoids the consequences of the said statute, is for the consideration of that Court.

What may be the rights resulting from the judgment of such Court, the one way or the other, cannot be passed upon until proceedings following the decision of the said cause shall be brought by the proper parties before a Court of competent jurisdiction.